MAY TERM,
1838.

Thompson & Price
v.
Elliott.

One partner can-
not maintain as-
sumpsit against
another partner,
whilst the part-
nership concerns
remain unadjust-
ed.

---

### Thompson and Price v. Elliott.

1. Petition and summons against three joint obligors—plea, non est factum by two, without affidavit—under this plea, it cannot be proved that the name of the third obligor (who was not served with process,) was not *Stephen*, as described in the declaration, but *Samuel*. This objection could only be made available by plea in abatement.

2. Quere. Where a bond creditor gives further time to the principal, without consent of the security, what delay would release the security, either in law or equity, if the security has failed to avail himself of the remedy provided in our statute, by giving written notice, &c.?

*Wilson* and *Todd*, for appellants:

The plaintiffs in this court have assigned for error the several points made before the court below, in the progress of the cause, and rely for a reversal on some one or all of them.

1. They insist that their second plea was a good plea in bar, and that the demurrer of the plaintiff ought to be overruled; and cite the following authorties—17 John. Rep. 384; 2 John. C. Rep. 554; 7 John. Rep. 332; 3 vol. Mo. Decisions, 95, State to use of Snell v. Reynolds,

and United States v. Hillegas' exors. C. C. Oct. 1811, Mss. Reports; 3 Binn. Rep. 520, Commissioners of Barns v. Ross; 3 Starkie's Ev. 1389, and notes and authorities there cited.

2. That the court ought to have compelled the plaintiff to answer the bill of discovery presented by the defendants, Thompson and Price, and cite as follows—Statute Laws Mo. 462-3; 4 T. Rep. 611, Gordon v. Austin and others; 3 Bos. & Puller, 559, Whitehall v. Bennett.

3. That the court, on the trial of the issue joined on the plea of non est factum, erred in refusing to permit the defendants to prove that the name of Porter was not *Stephen* but *Samuel,* and cite the same as cited under 2d point.

4. That the court erred in refusing a new trial.

*Leonard* and *Clark,* for appellee:

In support of the judgment, the following points and authorities will be insisted upon by the counsel for the appellee:

First point. The matter set up in the special plea is no bar to a recovery at law, because,

1. This agreement is purely voluntary, and therefore not obligatory upon the plaintiff; and for this reason no discharge in equity of the liability of the sureties, much less in law—McLemore v. Powell, 6 Peter's U. S. Cond. Rep. 636.

A mere delay on the part of the creditor to exact payment on the day is, according to all the cases, no discharge of the sureties, and a voluntary agreement to wait, is nothing more, in point of legal effect—Craughton v. Duval, Call R. 69; King v. Baldwin, 2 John. Chan. Rep. 554; Rees v. Berrington, 2 Ves. jr. 539, and cases cited in note 1, to that case; Hunt v. The United States, 1 Gallison's Rep. 33.

2. Admitting such an agreement to be equivalent to an obligatory contract, and therefore a discharge in equity, yet it is no bar at law. The Trent Navigation Company v. Harley, 10 East, 40; Rees v. Berrington, 2 Ves. jr. 539, and note 1 to that case; Dehuff v. Tarbut, 3 Yates' Rep. 157; Commonwealth v. Woolburt et al., 6 Binney, 300; Opinion of Chancellor in King v. Baldwin, 2 John. Chan. R. 554; Opinion of Judge Cooper, Cooper's Justinian, 463.

The following New York cases, it is admitted, advance a different doctrine, but no other cases to this effect, it is believed, can be found either in the English or

MAY TERM, 1838.

Thompson & Price v. Elliott.

American books—Payne v. Packard, 13 John. R. 174; King v. Baldwin, 17 John. R. 384.

Second point. The evidence tendered by the defendants upon the issue taken upon the plea of non est factum, was properly rejected, because,

1. It neither established any legal variance between the contract set out in the petition and that relied upon in evidence—Dickerson v. Bowes, 16 East, 110; Gilbert's Law of Evi. 157; Co. Lit. 283, a; 2 Starkie's Law of Ev. 478, 149, 150; nor any legal bar to the plaintiff's right of recovery in the present action. It was no defence for the defendants, Thompson and Price, that the bond sued upon was not the deed of their original co-defendant, Porter; nor could they have pleaded this matter in bar of the present suit—Isaac and Robb v. Porter et al, 2 Marsh. Rep. 452; J. and D. McGowen v. J. McCoun, 3 Marsh. R. 151; Gilbert's Law of Evidence, 144; 1 Saund. Rep. 291.

2. This suit having abated as to Porter, by the mere operation of law, for want of the service of process upon him, all the allegations in the petition which apply exclusively to him ought now to be rejected as immaterial; and the plaintiff ought not to be required to prove them, nor prejudiced by any variance between them and the evidence.

3. This evidence was wholly irrelevant to the issue. The question of fact, submitted by this issue to the jury, was simply whether the bond sued upon was the deed of the defendants, Thompson and Price, and not whether it was their deed, and also the deed of their original co-defendant, Porter—Smith v. Tanner, 2 Tount. Rep. 254. And it might perhaps be insisted that this evidence was contrary to the implied admission upon the record involved in the omission to verify the plea by affidavit.

Third point. The discovery prayed for was properly rejected. If the fact sought to be discovered was immaterial, upon the trial of the cause, the defendants showed no title to the discovery, and it was therefore properly disallowed.

McGIRK, Judge, delivered the opinion of the court.

Elliott brought a suit by petition and summons against Thompson, Price, and one S. T. Porter, in the circuit court of Howard county, to the July term, 1837.

The petition states that Elliott is the holder of a bond against Stephen T. Porter, Asa Q. Thompson, and Evans

Price, to the following effect, to wit: "On or before the first day of December next, we or either of us promise to pay N. G. Elliott the sum of two thousand seven hundred dollars. Witness our hands and seals;" signed S. T. Porter, A. Q. Thompson, Evans Price, and sealed by each. The sheriff returned to the writ of summons served on Thompson and Price, and not found as to Porter. The defendants, Thompson and Price, appeared, craved oyer of the bond, and jointly pleaded non est factum to the same, without supporting the same by affidavit. On this plea issue was taken to the country. The defendants for a second plea, pleaded, that after the bond became due the plaintiff agreed with S. T. Porter to give him further time on the same, which was done; and that Porter was the principal in the bond, and they were only securities, whereby they became discharged. This plea was demurred to. The court sustained the demurrer. After the appearance of the parties, and the pleadings as above stated, the plaintiff dismissed the suit as to Porter. The defendants filed, in pursuance of the statute, a bill for a discovery, alleging in the same that the said S. T. Porter's name was *Samuel* and not *Stephen*, as alleged in the summons and petition of the plaintiff. The plaintiff demurred to the bill. The court sustained the demurrer. The cause was then submitted to the court, sitting as a jury, and the court found the issue of non est factum against the defendants. To support the issue, the plaintiff read his note in evidence. The defendant then offered to prove that the name of the defendant, Porter, was Samuel T. Porter, and not Stephen T. Porter, as stated in the petition and summons of the plaintiff, which evidence was excluded by the court. The court then found the issue of non est factum against the defendants, Thompson and Price.

The appellants, Thompson and Price, make and rely on the following points to reverse the judgment of the circuit court:

1. That the court erred in overruling the 2d plea. In support of this, Mr. Wilson, of Fayette, cites 17 John. R. 354; 2 John. C. R. 554; 7 J. R. 332; 3 vol. Mo. R. 95; besides many others.

2. The court ought to have compelled the plaintiff to answer to the bill of discovery, and he cites for this, Statutes of Mo. 462–3; 4 T. R. 611, Gordon v. Austin et al.; 3 Bos. & Pul. 559.

3. The court erred in rejecting the testimony offered

MAY TERM,
1838.

Thompson & Price
v.
Elliott.

MAY TERM,
1838.

Thompson & Price
v.
Elliott.

Petition and summons against three joint obligors—plea, non est factum by two, without affidavit—under this plea, it cannot be proved that the name of the third obligor (who was not served with process) was not *Stephen*, as described in the declaration, but Samuel. This objection could only be made available by plea in abatement.

by the defendants. To support this, the counsel relies on the authorities cited in 2d point.

4. The court erred in refusing a new trial. According to my view, there is but one point in this case, which is this: Can the defendant, where he has pleaded a plea in bar, purely as such, give in evidence to support that plea mere matter in abatement? In this case, the plea in bar is non est factum. The plaintiff produced his bond, and it agrees in every particular with his petition. The petition says that Stephen T. Porter made his bond by the name of S. T. Porter; the bond produced is signed S. T. Porter. This stands for Stephen prima facie, and is good enough even against Porter himself, unless he will plead that his name is Samuel and not Stephen.

It is laid down in first Chitty on Pleading, 281–2, that in no case can a misnomer, (even of one of several defendants,) in an action on a promissory note, or other written instrument, be pleaded in bar. This I take to be the law. I then hold, that if the misnomer of a defendant can never be pleaded in bar, it must be true that evidence of the misnomer can never be set up to support any plea which is a plea in bar. In page 282 of the same book, it is said that the misnomer of the plaintiff may be pleaded in abatement; though it cannot be pleaded in bar, even in the case of a corporation. But the counsel still insist, that the name of Stephen is to be considered as matter of description, and if the description is wrong there is a variance, and this is good for the defendants, Thompson and Price, on their pleas of non est factum. Chitty, in the last page mentioned, does say that a misnomer in the name of a third person in matter of description, is sometimes fatal as a variance. But I will proceed to show that the misnomer here, (if Porter's name really be Samuel,) is not considered as matter of description, nor can it be made available for these defendants in bar or abatement. In first Chitty's Plea. 486, it is said, that the misnomer of one of several plaintiffs may be pleaded in abatement. Misnomer of the defendant must also be pleaded in abatement; but misnomer of another defendant cannot be pleaded by his companion. In Phillips' Evidence, 132, it is said, in regard to the general issue in assumpsit: "Nor will the defendant be allowed to prove under the general issue that the contract was not with himself alone, as stated in the declaration, but jointly, with other persons still living; for proof that another contracted, is not evidence

that the defendant himself did not contract. Such an objection can only avail when the fact is pleaded in abatement. And although it should appear, on the evidence produced on the part of the plaintiff, that other persons are liable as joint contractors with the defendant, this is no variance." Then the author proceeds to say: "The rule which has just been laid down with respect to joint contracts, either written or unwritten, applies also to the case of joint bonds. If an action is brought against one obligor alone, who pleads non est factum, the plaintiff may maintain his action, notwithstanding that, on the production of the bond, there appears to be a joint obligor; and although the bond is declared on as the joint bond of the defendant and two other persons, it will be sufficient to prove the execution by the defendant alone."

These authorities, and particularly the last, are strong to the point in hand. In the last case, the description of the bond was, that it was the joint bond of A, B and C, and the proof was that it was the bond of A, and here the proof stopped short. This was holden to be the real question to be tried, and the plaintiff had judgment. If, in this case, the plaintiff was entitled to judgment, though he did not prove the allegation, that the bond was the joint bond of A, B and C; how can it be, that in the case at bar, the plaintiff cannot have judgment, if the defendant can prove that the name of one of the makers is Samuel and not Stephen; especially, too, when there is no issue on the record regarding the third person in any way? This view, in my opinion, disposes of the case with regard to the proof rejected; and it also disposes of the question arising on the bill of discovery, as that bill only sought testimony similar to that rejected.

The record, however, presents the question, what shall be done where a bond creditor gives further time to the principal debtor, without the consent of the security? By our statute, in such a case, the security may request the creditor, in writing, to proceed, and if he will not, then the security will be discharged; but at common law there is no such rule. It may be that, in equity, and perhaps at law too, a delay, so that insolvency might intervene, might produce some defence to the security. But however that matter may be, no such case is made out here. There is, therefore, nothing in this point. I am therefore of opinion that the judgment of the circuit court ought to be affirmed; and Judge EDWARDS concurring herein, the same is affirmed.

MAY TERM, 1838.

Thompson & Price
v,
Elliott.

*Quere.* Where a bond creditor gives further time to the principal, without consent of the security, what delay would release the security, either in law or equity, if the security has failed to avail himself of the remedy provided in our statute, by giving written notice, &c. ?